**42nd JUDICIAL DISTRICT COURT FOR THE PARISH OF DESOTO**

**STATE OF LOUISIANA**

**NO. 83939**                                                                                      **DIVISION "A"**

**MELVIN BROWN AND JEANETTE BROWN**

**VERSUS**

**GOAUTO INSURANCE COMPANY, CLEAR BLUE INSURANCE COMPANY, SC TRANSPORTATION, LLC, JK GLOBAL VENTURES, LLC, HALLIBURTON ENERGY SERVICES, INC., MICHAEL K. BATSON and STEVEN FONTENOT**

**FILED:**_____                      _____

                                                                                                **DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF PEREMPTORY AND DILATORY EXCEPTIONS OF PRECISION MAINTENANCE GROUP, LLC**

**MAY IT PLEASE THE COURT:**

Defendant, Precision Maintenance Group, LLC (incorrectly sued under its former name, ALM Maintenance, LLC) (hereinafter, "PMG") respectfully submits the following memorandum in support of its peremptory and dilatory exceptions, challenging the allegations of fraud in the Fourth Amended Petition filed by plaintiffs, Melvin Brown and Jeanette Brown:

**I.       BACKGROUND**

Plaintiffs filed their Fourth Amended Petition for Damages on April 9, 2025. In Paragraph XII of the Fourth Petition, plaintiffs allege that PMG through "the use of these various entities was **intended**, at least in part, to perpetuate a **fraud**, circumvent legal or regulatory obligations, avoid liability for **wrongful conduct**, and/or otherwise achieve an unjust result." (**emphasis added**). These fraud allegations are new and were not found in any prior petition filed by the plaintiffs.

**II.      PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION**

The function of a peremptory exception of no cause of action is to have the plaintiffs' action declared legally nonexistent, or barred by effect of law, and hence to dismiss or defeat the action. La. C.C.P. art. 923. An exception of no cause of action tests the legal sufficiency of the petition by questioning whether the law affords a remedy based on the facts alleged in the petition. *Bogues v. Louisiana Energy Consultants, LLC,* No. 49,434 (La. App. 2 Cir. 8/10/2011); 71 So.3d 1128. No evidence may be introduced on the trial of an exception of no cause of action. La. C.C.P. art. 929. The exception is triable on the face of the petition, with the well-pleaded facts accepted as true for the purpose of determining the issues raised by the exception. *Bogues,* 929 So.2d at 1211.

Fraud, as defined by Louisiana law, is a "misrepresentation or a suppression of the truth made with the intention of either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." *Benton v. Clay,* No. 48,245 (La. App. 2 Cir. 8/7/2013); 123 So.3d 212. The elements of a fraud claim are (1) a misrepresentation, suppression, or omission of true information, (2) the intent to obtain some unjust advantage or to cause some damage or inconvenience to another, and (3) the error induced by the fraudulent act must relate to a circumstance substantially influencing the victim's consent. *Shelton v. Standard/700 Associates,* 2001–0587 (La. 10/16/01), 798 So.2d 60.

Plaintiffs' petition, at a minimum, must contain allegations that support each element of fraud. Here, plaintiffs fail to even satisfy the first of these elements: a misrepresentation or a suppression of the truth made by PMG towards the plaintiffs with the intention to obtain an unjust advantage or cause a loss to the plaintiffs. *See, McCarthy v. Evolution Petroleum Corp.,* No. 47,907 (La. App. 2 Cir. 2/27/2013); 111 So.3d 446, 452 ("when the party against whom the fraud was perpetrated…"). Instead, plaintiffs allege that PMG's "employees…routinely performed services for other entities" and PMG "failed to allocate profits and losses in a transparent or lawful manner." These vague allegations, even if they were true, would not constitute fraud committed by PMG against the plaintiffs because they do not pertain to any of the elements of fraud.

Plaintiffs do not and cannot allege facts to support any element of fraud. Their petition is devoid of allegations of: (1) a misrepresentation, suppression, or omission of true information by PMG; (2) any intent of PMG to obtain some unjust advantage or to cause some damage or inconvenience to the plaintiffs; or (3) the error that was induced by PMG's alleged fraudulent conduct. *Shelton,* 798 So.2d 60. Plaintiffs' numerous deficiencies cannot be remedied through an amendment; thus, plaintiffs' fraud claims should be dismissed with prejudice.

### III.   DILATORY EXCEPTION OF NONCONFORMITY

In the alternative, PMG requests the Court sustain a dilatory exception of nonconformity, which provides that the petition must conform with the specific requirements for pleading fraud. La. C.C.P. art. 926. "In pleading fraud or mistake, the circumstances constituting fraud or mistake **shall** be alleged with particularity…" La. C.C.P, art. 856 (**emphasis added**).

Plaintiffs' petition fails to plead any allegations supporting the elements of fraud with particularity. While the remedy for sustaining a dilatory exception is amendment, PMG submits

that an amendment will not cure plaintiffs' deficiencies because plaintiffs cannot allege facts supporting their fraud claim. Thus, PMG respectfully requests that the Court sustains its peremptory exception, and only considers this dilatory exception as alternative relief.

          Respectfully submitted,

          */s/ Christian St. Martin*
_____
MICHAEL H. BAGOT, JR. (#2665)
CHRISTIAN ST. MARTIN (#38900)
**WAGNER, BAGOT & RAYER, LLP**
601 Poydras Street, Suite 1660
New Orleans, Louisiana 70130
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
E-mail: mbagot@wb-lalaw.com
E-mail: cstmartin@wb-lalaw.com
*Attorneys for PMG Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2025, the above and foregoing has been duly served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, and/or by electronic mail and/or by facsimile.

          */s/ Christian J. St. Martin*
          Christian J. St. Martin

G:\8004-01\FW\PLDG 0018