UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MELVIN BROWN, ET AL.** | * | **CIVIL ACTION NO: 5:25-CV-00762** |
| | * | |
| | * | **SECTION A(3)** |
| **vs.** | * | |
| | * | **JUDGE: TERRY A. DOUGHTY** |
| **GOAUTO INSURANCE** | * | |
| **COMPANY, ET AL** | * | **MAGISTRATE: MARK HORNSBY** |

### AETHON'S MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

NOW INTO COURT, through undersigned counsel, comes Aethon Energy Operating, LLC ("Aethon") who, in support of its Motion to Dismiss for Failure to State a Claim, and pursuant to Rule 12(B)(6), respectfully submits this memorandum in support.

**MAY IT PLEASE THE COURT:**

### I. INTRODUCTION

Plaintiff, Melvin Brown[1] originally filed suit in 2023 alleging that he was injured after being struck by a vehicle driven by Michael Batson while Mr. Brown was performing mechanical work on a tractor-trailer parked on a roadway shoulder by its driver Steven Fontenot. Plaintiffs have recently filed their Fourth Amended Petition for Damages (the "Petition") naming Aethon as a defendant for the first time. The only allegations in the Petition against Aethon are contained in Paragraphs XI and XIII.

Paragraph XI of the Petition alleges that Aethon (and other defendants):

> failed to properly secure and preserve important pieces of evidence, and actually has a system designed to do so. This includes the failure to obtain and maintain essential documents such as

---

[1] Mr. Brown's wife, Jeanette Brown, is also a plaintiff.

> employment applications, driving records, driver qualification files, accident registers, equipment maintenance records, criminal background cheeks, employment background checks, drug tests, bills of lading, DOT physicals, driver logs, maintenance logs, and other federally and state-required documents. These failures have hindered, injured persons like Plaintiff, Melvin Brown, from proving their case, reduced overall safety for the motoring public, and gives rise to the legal presumption that such evidence would have proved detrimental to Defendants' case. Such evidence would have shown that Defendant Fontenot's tractor-trailer was loaded with frac sand at all relevant times herein and that he was engaged in routine interstate travel.

Paragraph XIII of the Petition alleges that the tractor-trailer being driven by Steven Fontenot was delivering materials to "well sites operated by Aethon" and that Aethon (and other defendants) "failed to ensure that the transportation was conducted in a safe and lawful manner".

Aethon filed exceptions of vagueness and ambiguity, nonconformity with the requirements of Louisiana Code of Civil Procedure article 891 and no cause of action while the matter was pending in state court. (Rec. Doc. 15-2). Prior to the exceptions being heard, this matter was removed to this Court on June 2, 2025. (Rec. Doc. 1).

## II.   ARGUMENT AND AUTHORITIES

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th

Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

The scant facts that are set forth in the Petition as to Aethon are general and conclusory and fail to state a claim against Aethon.

Paragraph XI of the Fourth Amended Petition alleges that Aethon (and other defendants) "failed to properly secure and preserve important pieces of evidence" then goes on to list information sources. Putting aside whether Plaintiffs even have such a cause of action, the allegation is too vague to determine what exactly Plaintiffs are alleging that Aethon did or did not do vis-à-vis Plaintiffs' alleged evidence.

Likewise, Paragraph XII alleges that Aethon (and others) "failed to ensure that the transportation was conducted in a safe and lawful manner" but fails to provide any factual basis for that claim.

The Petition does not allege any involvement of Aethon in the actual traffic accident that caused Plaintiffs' injuries.

## A. There is no cause of action in Louisiana for negligent spoliation.

Paragraph XI of the Petition alleges that Aethon (and others) failed to properly secure and preserve evidence. However, Louisiana does not recognize a cause of action for negligent spoliation. While Aethon denies that it "failed to properly secure and preserve important pieces of evidence", even taking this allegation as true, it fails to state a claim against Aethon.

In *Reynolds v. Bordelon*, 2014-2362 (La. 06/30/15), 172 So.3d 589, the Louisiana Supreme Court held:

> Our review of the policy considerations lead us to conclude that Louisiana law does not recognize a duty to preserve evidence in the context of negligent spoliation. In the absence of a duty owed, we find there is no fault under La.Civ.Code art. 2315 or under any other delictual theory in Louisiana. Furthermore, the presence of alternate remedies supports our holding that there is no tort of negligent spoliation of evidence. Accordingly, we agree with the lower courts that there is no cause of action for this tort.

In *Reynolds*, the plaintiff sued following a motor vehicle action and included a claim against his insurer for failure to preserve the vehicle following the accident so that he could inspect it in connection with his claim for damages. The plaintiff's petition contained no allegation that the insurer intentionally failed to preserve the vehicle, and the insurer sought dismissal on the basis that Louisiana law only provides a cause of action for *intentional* destruction or failure to preserve evidence. The district court eventually dismissed what it deemed a claim of negligent spoliation, and the court of appeal affirmed. The Louisiana Supreme Court also affirmed, holding specifically that "Louisiana law does not recognize a duty to preserve evidence in the context of negligent spoliation."

A party's action must be intentional for spoliation to be proven. In *Barthel v. State, Dep't of Transp. and Dev.*, 2004-1619 (La.App. 1 Cir. 6/10/05), 917 So.2d 15, 20, the First Circuit described how the party's actions must be purposeful:

> The theory of "spoliation" of evidence refers to an intentional destruction of evidence for purpose of depriving opposing parties of its use. A plaintiff asserting a claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient. (Internal citations omitted.)

Here, Plaintiffs make no allegation that Aethon intentionally destroyed evidence for the purpose of depriving Plaintiff of the use of such evidence. Therefore, the claims in Paragraph XI alleging that Aethon "failed to properly secure and preserve important pieces of evidence" should be dismissed for failure to state a claim.

### B. Plaintiff failed to state a cause of action against Aethon under La. C.C.P. art. 2315.

Paragraph XIII of the Petition alleges that the tractor-trailer being driven by Steven Fontenot was delivering materials to "well sites operated by Aethon" and that Aethon (and other defendants) "failed to ensure that the transportation was conducted in a safe and lawful manner".

These allegations are predicated upon the existence of a legal duty by Aethon to ensure that the owner or operator of the tractor-trailer safely operated the tractor-trailer. Because Aethon did not owe these duties as a matter of law, Plaintiffs' allegations fail to state a claim.

There are five elements of a negligence claim under Louisiana law: duty, breach, factual causation, legal causation, and damages. *Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023); La. Civ. Code Ann. art. 2315. The duty-risk analysis "is the standard negligence analysis employed in determining whether to impose liability." *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (quoting *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006)).

The plaintiff must prove all of the foregoing elements. If he cannot prove any one of the elements of the duty/risk analysis, no recovery can be had.

Whether a particular person owes a duty to another person is a question of law. *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364 (La. 1984). To determine whether a defendant owes a plaintiff a duty, Louisiana courts "examine 'whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.'" *Audler*, 519 F.3d at 249 (quoting *Faucheaux v. Terrebonne Consol. Gov't*, 615 So. 2d 289, 292 (La. 1993)); *see also Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 445 (5th Cir. 2021)(citing *Lemann*, 923 So. 2d at 633).

To plead a duty, a plaintiff must cite a specific standard of care by pointing to "any law (statutory, jurisprudential, or arising from general principles of fault)." *Lemann*, 923 So. 2d at 633.

In this case, Plaintiffs have not plead the necessary elements to state a claim for negligence against Aethon. While Plaintiffs generally claim that Aethon (and others) "failed to ensure that the transportation was conducted in a safe and lawful manner" (which is denied), Plaintiffs have not alleged that Aethon owed a particular duty to these Plaintiffs.

Aethon owed absolutely no duty to Plaintiffs, particularly to Mr. Brown, who was hired by someone other than Aethon to perform roadside mechanic work on a tractor-trailer that was neither owned nor operated nor controlled by Aethon. Mr. Brown alleges he was struck by a vehicle owned by Sonya Myers and driven by Michael Batson, neither of whom is alleged to have any connection or legal relationship to Aethon.

Additionally, Aethon was not the proximate cause or cause in fact of Plaintiff, Mr. Brown's injuries. Plaintiff cannot attribute any conduct to Aethon which is a "cause in fact" or "proximate cause" of the damages complained and therefore, Plaintiffs have no claim against Aethon.

## III. CONCLUSION

For the foregoing reasons and authorities, Aethon's motion is meritorious and should be granted, and this case dismissed against Aethon at Plaintiffs' cost.

Respectfully submitted,

OTTINGER HEBERT, L.L.C.

/s/ Ryan P. McAlister
J. Michael Fussell, Jr. (Bar Roll No. 29870)
Ryan P. McAlister (Bar Roll No. 37788)
1313 West Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
Telephone: (337) 232-2606
Facsimile: (337) 232-9867
Email: mfussell@ohllc.com
Email: rpmcalister@ohllc.com

*Counsel for Aethon Energy Operating, LLC*