UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MELVIN BROWN and JEANETTE BROWN | CIVIL ACTION NO. 5:25-CV-00762 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| GO AUTO INSURANCE COMPANY, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT ALPINE SILICA, LLC**

**MAY IT PLEASE THE COURT:**

Defendant Alpine Silica, LLC respectfully submits this memorandum in support of its motion to dismiss the claims asserted against it by plaintiffs Melvin Brown and Jeanette Brown. Alpine Silica is now one of twenty-one defendants sued by plaintiffs in this matter, but plaintiffs alleged no facts in their petitions to establish any right to relief specifically from Alpine Silica. Alpine Silica had nothing to do with the accident at issue in this lawsuit and there is no basis to maintain plaintiffs' claims against Alpine Silica.

**RELEVANT FACTUAL ALLEGATIONS**

Plaintiffs Melvin Brown and Jeanette Brown filed a petition for damages in the 42nd Judicial District Court for the Parish of DeSoto on March 29, 2023, naming seven defendants.[1] According to the petition, Melvin Brown was performing work on a semi-trailer truck parked on the shoulder of U.S. Highway 171 in DeSoto Parish on July 27, 2022, when another vehicle veered onto the shoulder, struck the semi-trailer truck, and also struck Brown, causing severe injuries.[2] Plaintiffs originally sued:

---

[1] R.Doc. 1, p. 13.
[2] *Id.*, p. 14.

- Michael Batson, the driver of the vehicle which struck Brown and the semi-trailer truck;

- GoAuto Insurance Company of Louisiana, Batson's alleged insurer;

- Steven Fontenot, the driver of the semi-trailer truck parked on the highway shoulder;

- SC Transportation, L.L.C., the owner of the semi-trailer truck;

- JK Global Ventures, LLC, an alleged employer of Steven Fontenot;

- Clear Blue Insurance Company, the alleged insurer of Steven Fontenot, SC Transportation, L.L.C., and JK Global Ventures, LLC; and

- Halliburton Energy Services, Inc., another alleged employer of Fontenot.

The petition alleged that Batson was negligent in colliding with the semi-trailer truck and plaintiff Brown; that Fontenot was negligent in leaving the semi-trailer truck parked on the shoulder of the road for some length of time and in failing to follow safety procedures; and that SC Transportation, JK Global Ventures, and Halliburton were negligent in hiring, training, and supervising Fontenot.

Plaintiffs later filed a First Amended Petition for Damages on July 10, 2023, naming Sonya Myers as a defendant due to her ownership of the vehicle driven by Batson.[3]

Plaintiffs then filed a Second Amended Petition for Damages on August 2, 2024, asserting additional allegations of negligence against Fontenot, SC Transportation, and JK Global Ventures.[4]

Plaintiffs next filed a Third Amended Petition on November 13, 2024, adding Vorto Operations, LLC, and Fifth Floor Freight, LLC, as the ninth and tenth defendants. Plaintiffs

---

[3] The First Amended Petition has not yet been filed into the record by the removing defendant.
[4] The Second Amended Petition has not yet been filed into the record by the removing defendant.

alleged that these new defendants were also vicariously liable for the alleged negligence of Steve Fontenot under theories of respondent superior, joint venture, or agency.[5]

Neither the original petition nor any of the first three amendments mention Alpine Silica.

Finally, Plaintiffs filed a Fourth Amended Petition for Damages on January 9, 2025, naming eleven new defendants, including mover Alpine Silica, bringing the total to <u>twenty-one defendants</u> in total.[6]  Despite being lumped into this crowded litigation with all of these other parties, Alpine Silica is referenced only three times in the Fourth Amended Petition:

- Alpine Silica is alleged to be a foreign company doing business in the State of Louisiana.[7]

- Alpine Silica and **<u>sixteen</u>** other defendants are all **<u>identically</u>** alleged to have "failed to properly secure and preserve important pieces of evidence, and actually has (sic) a system designed to do so.  This includes the failure to obtain and maintain essential documents such as employment applications, driving records, driver qualification files, accident registers, equipment maintenance records, criminal background checks, employment background checks, drug tests, bills of lading, DOT physicals, driver logs, maintenance logs, and other federally and state-required documents."[8]  The alleged failure of these seventeen defendants to secure and preserve evidence "gives rise to the legal presumption that such evidence would have proved detrimental to Defendants' case," and the allegedly

---

[5] The Third Amended Petition has not yet been filed into the record by the removing defendant.
[6] *Id.*, p. 26.
[7] *Id.*, p. 28 (¶ III(T)).
[8] *Id.*, par. XI.

spoliated evidence "would have shown that Defendant Fontenot's tractor-trailer was loaded with frac sand at all relevant times herein and that he was engaged in routine interstate travel."[9]

- Finally, plaintiffs allege that "Halliburton Energy Services, Inc. and Lohi Logistics, LLC, coordinated with Aethon Energy Operating, LLC, Alpine Silica, LLC, and Performance Proppants, LLC, in connection with the delivery of materials used in fracking operations, including frac sand."  Plaintiff alleges that Halliburton and Lohi Logistics "played a role in overseeing or facilitating the movement of such materials, including authorizing drivers such as Steven Fontenot to transport frac sand from Alpine Silica, LLC and Performance Proppants, LLC to well sites operated by Aethon Energy Operating, LLC."  Plaintiffs allege that "Defendants" including Alpine Silica failed to ensure that the transportation of materials was conducted in a safe and lawful manner.[10]

These scant facts provide little information to Alpine Silica to explain why it is being sued and is now forced to incur unnecessary costs of litigation.  Taking plaintiffs' allegations at face value, it appears that they have sued Alpine Silica solely because frac sand is sometimes transported from Alpine Silica to fracking well sites owned by co-defendant Aethon Energy Operating and because they wish to prove (but apparently cannot, leading to their spoliation claims) that Fontenot's truck was filled with sand at the time of the accident. What Alpine Silica has to do with Steven Fontenot's truck breaking down, with Fontenot leaving the truck parked on the side of Highway 171 for days, with plaintiff Melvin Brown

---

[9] *Id.*, pp. 37-38 (¶ XI).
[10] *Id.*, p. 39 (¶ XIII).

performing repair work on that truck, or with Michael Batson losing control of his vehicle and striking the truck and Brown is a mystery. There is no basis found in the pleadings for the Court to allow plaintiffs to proceed with any claims against Alpine Silica.

## LAW AND ARGUMENT

The petition for damages and four amended petitions were filed in Louisiana state court, but federal pleading standards must be applied following the removal to this Court. *See Pena v. City of Rio Grand City*, 879 F.3d 613, 617 (5th Cir. 2018) (noting that "[u]pon removal, the federal pleading standards control" in the context of ruling on a motion to dismiss).

To survive a F.R.C.P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief against a defendant that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court must accept the factual allegations of the complaint as true and view them in a light most favorable to plaintiff; but in doing so the court need not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

A complaint must "be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Oscar Renda Contracting, Inc. v. Lubbock*, 463 F.3d 378, 381 (5th Cir. 2006). A plaintiff must allege facts against a defendant which are "enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Walker v. Beaumont*

*Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). The facts pled in a complaint must make relief against a defendant "plausible, not merely conceivable, when taken as true." *Id.* at 734.

The Fourth Amended Complaint fails to state a plausible claim against Alpine Silica. The only individualized allegation made against Alpine Silica is to identify it as a foreign company doing business in the State of Louisiana. The remaining allegations against Alpine Silica are improper "shotgun" allegations which lump in allegations against Alpine Silica with others.[11]

In accepting the minimal facts pleaded in relation to Alpine Silica as true, the Court may find that plaintiff has alleged (1) that Alpine Silica (and sixteen other defendants) did not preserve evidence related to the accident and (2) that frac sand owned by Alpine Silica is sometimes transported to well sites owned by Aethon Energy Operating.

The Fourth Amended Petition notably does not allege any of the following facts:

- That Alpine Silica or frac sand transported from Alpine Silica had anything to do with Steven Fontenot's tractor-trailer becoming disabled or being parked on the side of a highway for days;

- That Alpine Silica or frac sand had anything to do with Michael Batson veering onto the shoulder of a highway days after the truck was disabled and had been on the shoulder of the road for days;

- That there is any specific, relevant piece of evidence that Alpine Silica failed to preserve or that Alpine Silica had any notice or reason to preserve that evidence;

---

[11] This is one of the hallmarks of an improper "shotgun" pleadings which violates the basic pleading requirements of the Federal Rules of Civil Procedure. *See e.g. Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1333 (11th Cir. 2015) (describing a pleading "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" as impermissible and subject to dismissal under Rule 12(b)(6)).

- That any employee of Alpine Silica took any action with relation to Steven Fontenot or his truck at all.

The Fourth Amended Petition does not make clear why Alpine Silica is being haled into court with twenty other defendants to respond to a lawsuit it knows nothing about. The Fourth Amended Petition does not explain plausibly how these plaintiffs have any viable claim against Alpine Silica. The claims against Alpine Silica must be dismissed for those reasons alone.

Out of an abundance of caution, Alpine Silica will briefly address the two claims that plaintiffs appear to assert against it.

### 1. Louisiana law provides no cause of action for negligent spoliation.

Plaintiffs allege that seventeen different defendants, including Alpine Silica, all collectively failed to properly preserve evidence that plaintiffs believe to be relevant to their claims. This appears to be an attempt to state a claim that Alpine Silica spoliated evidence. But as noted by co-defendant Aethon Energy Operating in its own pending motion to dismiss,[12] the Louisiana Supreme Court has unambiguously held that "Louisiana law does not recognize a duty to preserve evidence in the context of negligent spoliation." *Reynolds v. Bordelon*, 2014-2362 (La. 6/30/15), 172 So.3d 589. As the Louisiana Supreme Court noted:

> Recognition of the tort of negligent spoliation would place a burden on society as a whole, causing third parties who are not even aware of litigation to adopt retention policies for potential evidence in cases, in order to reduce their exposure to liability. There is simply no predictability in requiring preservation and record keeping for unknown litigation. Moreover, broadening the delictual liability for negligent spoliation would place restrictions on the property rights of persons, both natural and juridical, insofar as the tort would act to limit the right to dispose of one's own property.

---

[12] R.Doc. 26.

4932-4053-6660, v. 3

*Id.* at 598. The alleged spoliation claim against Alpine Silica falls squarely within what the Louisiana Supreme Court wished to prevent. Plaintiffs seek to hold Alpine Silica, a third party to this litigation until the filing of their Fourth Amended Petition, liable for not adopting retention policies to preserve evidence. Louisiana jurisprudence prohibits this claim.

**2. Plaintiffs state no plausible claim for negligence by Alpine Silica.**

Paragraph XIII of the Fourth Amended Complaint alleges that Alpine "coordinated" with other defendants to deliver frac sand used in fracking operations, and that defendants Halliburton and Lohi Logistics "authoriz[ed] drivers such as Steven Fontenot to transport frac sand from Alpine Silica, LLC and Performance Proppants, LLC to well sites operated by Aethon Energy Operating, LLC." Through these vague allegations, plaintiffs conclude that "Defendants" including Alpine Silica failed to ensure that transportation of frac sand was done safely, "leading up to the accident that is the subject of this suit."

There are five elements to a negligence claim under Louisiana law: duty, breach, cause in fact, legal cause, and damages. *Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir.2023) (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006)). Regarding duty, the plaintiffs must establish that Alpine Silica had "a legal duty [to the plaintiff] to protect against the risk involved. *Id.* (citing *Hill v. Lundin & Assocs., Inc.*, 256 So.2d 620, 622 (La. 1972)). Whether a duty is owed is a question of law for which the court must consider "the unique facts and circumstances presented."

Plaintiffs cite no state or federal statute and no jurisprudence for the proposition that Alpine Silica owed a legal duty to them in this case.

The facts of the case as alleged by plaintiffs seem straightforward. Defendant Steven Fontenot had mechanical issues with his truck which resulted in him parking the truck on

the side of Highway 171 for several days. Fontenot hired plaintiff Melvin Brown to do work on the truck, and while Brown was working on the truck a vehicle driven by Michael Batson veered onto the shoulder and struck him.

But what did Alpine Silica do that caused the accident? What did it not do which would have prevented the accident? How do the facts alleged by plaintiffs plausibly impose any duty on Alpine Silica toward Melvin Brown which was breached? The answers to these questions cannot be found in the petitions.

Given the absence of well-pleaded facts which would impose any legal duty on Alpine Silica toward plaintiffs, the negligence claims against Alpine Silica must be dismissed.

## CONCLUSION

This matter is now pending in federal court, and the operative pleadings must comply with federal pleading standards. The Petition for Damages and four subsequent amendments provide insufficient explanation for how or why these plaintiffs have any plausible claims for relief against Alpine Silica. Alpine Silica asks the Court to grant this motion and to dismiss Alpine Silica as a defendant in this matter with prejudice.

Respectfully submitted:

**BURGLASS TANKERSLEY GAUDIN PHAYER**

*/s Gregory C. Fahrenholt*
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT (#2857)**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0414
Telefax: (504) 287-0454
Email: agaudin@burglass.com
         gfahrenholt@burglass.com
Attorneys for defendant, Alpine Silica, LLC,

## CERTIFICATE OF SERVICE

  I hereby certify that on this 10th day of July, 2025, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

                */s Gregory C. Fahrenholt*
                GREGORY C. FAHRENHOLT