UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MELVIN BROWN ET AL | CIVIL ACTION NO. 25-cv-762 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CLEAR BLUE INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is **LoHi's Motion to Stay (Doc. 86)** that asks the court to stay this case on the grounds that the Supreme Court has granted certiorari in the Montgomery case and may resolve a circuit split over whether the FAAA provides a federal defense to common law claims against freight brokers for negligent selection of a motor carrier or driver. The request for a **stay is denied**, for the reasons set forth below, but LoHi's **alternative request** for a 14-day extension of time to file objections to the pending Report and Recommendation (Doc. 77) is **granted**. The deadline is extended until 14 days after the entry of this order.

Melvin Brown was injured in a traffic accident. He and his wife ("Plaintiffs") filed suit in state court against several defendants and asserted claims of negligence. Plaintiffs' fourth amended petition filed in state court added several new defendants, including LoHi Logistics, LLC, a freight broker. Plaintiffs alleged that LoHi negligently selected and entrusted an unqualified driver who caused the accident that injured Mr. Brown.

LoHi removed the case based on an invocation of 28 U.S.C. §§ 1331 and an assertion that this court has federal-question jurisdiction because Plaintiffs' claims against

LoHi are completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). That Act is part of the deregulation of the trucking industry. It includes a preemption provision aimed at keeping the states from regulating the price, route, or service of freight brokers. The statute includes a safety exception that allows states to regulate matters such as weight limits, insurance, and the like. The courts have split over how the preemption provision applies to claims such as Plaintiff asserts against LoHi.

Plaintiffs filed a motion to remand that challenged the assertion of complete preemption. The undersigned issued a Report and Recommendation that recommended that Plaintiff's motion to remand be granted. The Report noted that there is a critical difference between an ordinary preemption defense and the complete preemption jurisdiction doctrine, with only complete preemption supporting federal question jurisdiction. Ordinary preemption—also known as conflict, defensive, or statutory preemption—is an affirmative defense to a state law claim which, alone, cannot invoke federal question jurisdiction. The federal defense must be litigated in state court unless there is a basis for the federal court to exercise diversity jurisdiction over the case.

The Report and Recommendation explained why the FAAAA does not completely preempt Plaintiff's claims of negligence against freight broker LoHi and give rise to federal question jurisdiction. Almost every court to address the issue agrees. The few decisions that have found jurisdiction based on the federal defense are unpersuasive and have been criticized because they confused ordinary and complete preemption principles.

The Report and Recommendation noted that there is a circuit split as to whether the FAAA's preemption statute provides an ordinary preemption defense to negligence claims

such as asserted by Plaintiffs. It was explained that those decisions (Ye, Miller, Aspen, etc.) provide some background, but they are not relevant to the motion to remand. They decided only whether the claims were subject to a preemption defense. They did not address whether the FAAAA provides a basis for federal subject matter jurisdiction under the complete preemption doctrine. Notably, those courts often pointed out that they had jurisdiction based on diversity of citizenship, so complete preemption/federal question was not at issue.

LoHi's motion to stay is based on the Supreme Court's grant of certiorari in Montgomery v. Caribe Transp. II, LLC, 124 F.4th 1053 (7th Cir. 2025), cert. granted, No. 24-1238, 2025 WL 2808807 (U.S. Oct. 3, 2025). The plaintiff in that case alleged that a freight broker negligently hired the driver and carrier that caused an accident. The district court entered judgment for the broker on the negligent hiring claims based the Seventh Circuit's decision in Ye v. GlobalTranz Enterprises, Inc., 74 F.4th 453 (7th Cir. 2023), which held that negligence claims against brokers are federally preempted and are not saved by the safety exception. The Montgomery Seventh Circuit panel declined to reconsider the Ye precedent. The plaintiff applied for certiorari based on the circuit split on the applicability of the FAAAA preemption defense.

Montgomery has nothing to do with the complete preemption argument that is at issue in the motion to remand and Report and Recommendation pending in this case. The petition for certiorari does not even use the word "complete" except to point out, "The suit was filed in federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a) because there was complete diversity of citizenship between Petitioner and the defendants and the

amount in controversy exceeded $75,000." Thus, complete preemption/federal question jurisdiction are not at issue in Montgomery, making it extraordinarily unlikely that the Supreme Court's decision will have any relevance to the jurisdictional issues now before this court.

Were this court to have subject matter jurisdiction, say through diversity jurisdiction, then there would be sound reasons to consider waiting for the Supreme Court's decision on the preemption defense that LoHi has raised (in addition to its complete preemption jurisdiction argument). But there is no basis for federal court jurisdiction over this civil action. There is no diversity, and there is no complete preemption/federal question. The stay is denied for these reasons. If the case is remanded to state court, as it should be, then LoHi can ask the state court to stay the proceeding until the Supreme Court issues a ruling in Montgomery that may address the viability of LoHi's federal preemption defense.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of October, 2025.

Mark L. Hornsby
U.S. Magistrate Judge